UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

ROBERT D. SANGO,

        Plaintiff,                     Case No. 2:20-cv-205

v.                                         Honorable Robert J. Jonker

UNKNOWN GOINNS et al.,

        Defendants.
_____/

**OPINION**

        This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint without prejudice because it is entirely duplicative of a complaint Plaintiff filed just a few days earlier.

**Discussion**

**I.     Factual allegations**

        Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Alger Correctional Facility (LMF) in Munising, Alger County, Michigan. The

events about which he complains occurred at that facility. Plaintiff sues LMF Prisoner Counselor unknown Chamberline and LMF Corrections Officer Unknown Goinns.

Plaintiff alleges that Defendant Chamberline refused to let Plaintiff keep a book that was on the MDOC restricted list. Plaintiff became angry and told Chamberline that he should not just be a "rubber stamp." (Compl., ECF No. 1, PageID.3.) In fact, under MDOC policy, it was not Chamberline's call to make; only the CFA Deputy Director could permit Plaintiff to keep a book that is on the restricted list. MDOC Policy Directive 05.03.118, ¶ FFF (eff. Mar. 1, 2018). Plaintiff invited Chamberline to examine the book to give his opinion, even though it was not part of the MDOC mail rejection process, and Plaintiff was unhappy with the result.

Thereafter, Defendant Goinns ordered Plaintiff to leave the base area. (Compl., ECF No. 1, PageID.3.) Plaintiff claims that Goinns threatened Plaintiff, suggesting that if Plaintiff did not stop acting like a "smart ass" he might end up being stabbed by another prisoner. (*Id*.)

Plaintiff seeks declaratory and injunctive relief compelling the MDOC to permit Plaintiff to keep the book as well as compensatory and punitive damages.

The complaint is identical to a complaint Plaintiff filed a few days earlier in this Court, *Sango v. Goinns et al.*, No. 2:20-cv-196 (W.D. Mich.). It is not a photocopy, it is simply a different handwritten copy. It was signed the same day as the first complaint. It appears Plaintiff filed this second complaint for the sole purpose of transmitting the rejected book. How Plaintiff was able to submit a book that was not in his possession is not clear. Plaintiff did not include the case number for the first case on his second complaint. Moreover, he attached to his complaint a disbursement authorization form that describes the second complaint as a "new civil action." (ECF No. 1-1, PageID.10.)

"A civil action is commenced by filing a complaint with the Court." Fed. R. Civ. P. 3. A complaint, in turn, must include a statement of the court's jurisdiction, a short and plain statement of the claim, and a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's complaint here satisfies all the requirements of Rule 8. Moreover, it is specifically missing an item that would be required if Plaintiff, in fact, intended to file the complaint in his first case: a case number. Fed. R. Civ. P. 10(a). Accordingly, the Clerk of Court appropriately docketed this case as a separate action.

## II.     Filing fee

Plaintiff commenced this action without paying the filing fee or seeking leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $400.00 civil action filing fee applicable to those not permitted to proceed *in forma pauperis.* Plaintiff must pay the $400.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002), even though this action will be dismissed as frivolous.

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner

3

may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In far more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Sango v. Place*, No. 2:16-cv-136 (W.D. Mich. July 6, 2016); *Sango v. Lewis et al.*, No. 1:14-cv-342 (W.D. Mich. July 18, 2014); *Sango v. Huss*, No. 1:14-cv-2 (W.D. Mich. June 12, 2014); *Sango v. Miniard et al.*, No. 1:14-cv-344 (W.D. Mich. June 10, 2014); *Sango v. Hammond et al.*, No.1:14-cv-283 (W.D. Mich. May 6, 2014); *Sango v. Novak*, No. 1:14-cv-343 (W.D. Mich. Apr. 23, 2014). In addition, Plaintiff repeatedly has been denied leave to proceed *in forma pauperis* in this Court and in the Eastern District of Michigan because he has three strikes. *See Sango v. Curtis et al.*, No. 1:14-cv-823 (W.D. Mich.

4

Aug. 14, 2014); *Sango v. Wakley et al.*, 1:14-cv-703 (W.D. Mich. July 8, 2014); *Sango v. Grand et al.*, No. 2:14-cv-14060 (E.D. Mich. Oct. 31, 2014); *Sango v. Mich. State Office of Admin. Hr'gs & Rules et al.*, No. 1:14-cv-1272 (W.D. Mich. Jan. 13, 2015); *Sango v. Eryer et al.*, No. 1:15-cv-71 (W.D. Mich. Feb. 12, 2015); *Sango v. Nevins et al.,* No. 1:15-cv-179 (W.D. Mich. Mar. 3, 2015); *Sango v. Watkins*, No. 1:15-cv-221 (W.D. Mich. Mar. 12, 2015); *Sango v. Joiner*, No. 1:15-cv-232 (W.D. Mich. Mar. 23, 2015); *Sango v. Aramark et al.*, No. 1:15-cv-247 (W.D. Mich. Apr. 13, 2015); *Sango v. Bastain*, No. 2:16-cv-15 (W.D. Mich. Mar. 2, 2016); *Sango v. Bastain et al.*, No. 2:16-cv-14 (W.D. Mich. Mar. 2, 2016); *Sango v. Desselier*, No. 2:16-cv-13 (W.D. Mich. Mar. 2, 2016); *Sango v. Snyder*, No. 2:16-cv-12 (W.D. Mich. Mar. 2, 2016); *Sango v. Russell*, No. 2:16-cv-45 (W.D. Mich. Mar. 4, 2016); *Sango v. Place*, No. 2:16-cv-23 (W.D. Mich. Mar. 4, 2016); *Sango v. Dessellier et al.*, No. 2:16-cv-123 (W.D. Mich. Jun. 10, 2016); *Sango v. Sohlden et al.*, No. 2:16-cv-18 (W.D. Mich. Mar. 13, 2017); *Sango v. West et al.*, No. 1:20-cv-156 (W.D. Mich. Mar. 10, 2020); *Sango v. Kludy et al.*, No. 1:20-cv-174 (W.D. Mich. Mar. 18, 2020).

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The crux of Plaintiff's complaint is that Defendant Unknown Chamberline, a prisoner counselor at Alger Correctional Facility, refused to let Plaintiff keep a book that was on the MDOC restricted list. Because Plaintiff challenged Chamberline's decision, Defendant Goinns, an Alger Corrections Officer, ordered Plaintiff to leave the base area. Plaintiff claims that Goinns threatened Plaintiff, suggesting that if Plaintiff did not stop acting like a "smart ass" he might end up being stabbed by another prisoner. Plaintiff does not allege that any of his allegations demonstrate an imminent danger.

The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797-98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf.* [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.* The Court concludes that there is no hint of imminent danger arising from Plaintiff's claims relating to the book. Moreover, the general threat offered by Defendant Goinns that Plaintiff should stop being a "smart ass" lest he end up harmed by another prisoner is not sufficiently "real and proximate" to support the inference that plaintiff was "under imminent danger of serious physical injury" at the time he filed his complaint. Therefore, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action.

**III.     Duplicative action**

Section 1997e of Title 42, United States Code, provides: "The court shall on its own motion . . . dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any . . . correctional facility if the court is statishfed that the action is frivolous . . . ." 42 U.S.C. § 1997e(c)(1). Plaintiff's complaint if frivolous because it is duplicative of an action already pending.

Plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977). Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Adams v. California Dep't of Health Serv.*, 487 F.3d 684, 688 (9th Cir. 2007); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953-54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952), and to protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).

A complaint is duplicative and subject to dismissal if the claims, parties and available relief do not significantly differ from an earlier-filed action. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Although complaints may not "significantly differ," they need not be identical. Courts focus on the substance of the complaint. *See*, *e.g. Bailey*, 846 F.2d at 1021 (holding that a complaint was duplicative although different defendants were named because it "repeat[ed] the same factual allegations" asserted in the earlier case).

7

Considering the complete identity between the legal claims, factual allegations, temporal circumstances and relief sought in the present complaint and the complaint in Case No. 2:20-cv-196, I conclude that the present complaint is duplicative. Therefore, pursuant to the Court's inherent power, upon the review required by 42 U.S.C. § 1997e, this action will be dismissed on the grounds that it is duplicative and, therefore, frivolous.

## **Conclusion**

Having conducted the review required by 42 U.S.C. § 1997e, the Court determines that Plaintiff's complaint will be dismissed as frivolous. The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.


Dated:   October 15, 2020                    /s/ Robert J. Jonker
                                                                                                            Robert J. Jonker
                                                                                                            Chief United States District Judge